UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04-12116 MEL

WILMA SANCHEZ,)
)
Plaintiff,)
)
v.) CASE NO.
)
DANIELS LAW OFFICES,)
)
Defendant.)

RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

**COMPLAINT**

**I.   Introduction**

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"); the Attorney General's debt collection regulations promulgated pursuant to M.G.L. c. 93A, 940 CMR 7.00 et seq.; Massachusetts debt collection statute, M.G.L. ch. 93 §49 (hereinafter "MDCPA"); the Banking Commissioner's debt collection regulations, 209 CMR 18.00 et seq.; and the Massachusetts Consumer Protection Statute, M.G.L. c. 93A.

**II.   Jurisdiction**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

**III.   Parties**

3. The Plaintiff, Wilma Sanchez, ("Ms. Sanchez"), is a natural person

residing at 113 Alexander Street Dorchester, MA 02125. The Defendant, Daniels Law Offices, ("Daniels"), is a professional corporation with its principal place of business located at One Center Plaza, Suite 100, Boston, Massachusetts 02108. Daniels is a debt collector as defined by the FDCPA.

### IV.   Facts

4. Beginning in June, 2003, a woman named Rosa from Daniels Law Offices began contacting Ms. Sanchez by telephone in an attempt to collect a debt Ms. Sanchez allegedly owed to Capital One, a credit card issuer.

5. In the first conversation Ms. Sanchez and Rosa discerned, by comparing social security numbers and first name spellings, that Ms. Sanchez was not the debtor who allegedly owed the debt to Capitol One that Daniels was attempting to collect.

6. By comparing social security numbers and first name spellings, Ms. Sanchez and Rosa were able to confirm that the debtor from whom Daniels was attempting to collect was a man by the name of Wilmer Sanchez.

7. Following this initial communication, Rosa contacted Ms. Sanchez two more times at her place of employment in attempts to collect Wilmer Sanchez's debt.

8. Each time Ms. Sanchez spoke to Rosa, she reiterated that the debt was not hers and went through the same process of comparing social security numbers and first name spellings.

9. On or about December 10, 2003, a man who identified himself as Andre from Daniels called Ms. Sanchez at work and told her that Daniels would take her to court if she did not pay the Capital One debt.

10. On or about January 28, 2004, Ms. Sanchez, through counsel, sent Daniels a Demand for Relief ("Demand") under M.G.L. ch. 93A. A true and correct copy of the Demand is attached hereto as Exhibit A.

11. On or about February 27, 2004, John Murray, ("Mr. Murray"), an attorney at Daniels, responded to the Demand for Relief by letter with a settlement offer. A true and correct copy of Daniels' response is attached hereto as Exhibit B.

12. Ultimately, Daniels and Plaintiff's counsel negotiated and agreed upon a settlement, which Plaintiff's counsel drafted and sent to Daniels on or about April 13, 2004. A true and correct copy of the Settlement Agreement and Release is attached hereto as Exhibit C.

13. The only correspondence Plaintiff's counsel received after mailing the Settlement Agreement and Release, signed by Ms. Sanchez, was a collection letter regarding Wilmer Sanchez's account, marked "Personal & Confidential", sent by Daniels under the mistaken idea that Plaintiff's counsel represented Wilmer Sanchez. A true and correct copy of the Wilmer Sanchez letter is attached hereto as Exhibit D.

14. Plaintiff's counsel followed up with Daniels by telephone and by letter regarding the execution of the Settlement Agreement on or about April 30, 2004 and May 7, 2004, respectively. A true and correct copy of the May 7, 2004 letter is attached hereto as Exhibit E.

15. On or about May 13, 2004, Mr. Murray left a message for Plaintiff's counsel indicating that he never received the Settlement Agreement and Release by mail and requested that it be resent.

16. On or about May 17, 2004, Plaintiff's counsel resent the Settlement Agreement and Release by mail and facsimile. A true and correct copy of the letter and facsimile are attached hereto as Exhibit F.

17. Since May 17, 2004, Plaintiff's counsel has telephoned Daniels three (3) times and has written two (2) letters in attempts to execute the agreed upon Settlement and resolve this matter, all to which Daniels has not responded. True and correct copies of the follow up letters are attached hereto as Exhibits G and H.

### V. Applicable Law

18. The FDCPA requires debt collectors to provide the consumer with a written notice containing all pertinent information about the debt within five (5) days of the initial communication. 15 USC § 1692g(a).

19. It is a violation of the FDCPA for debt collectors to make false representations of the character, amount, or legal status of the debt. 15 U.S.C. §1692e(2)(A).

20. It is a violation of the FDCPA to threaten to take action which cannot legally be taken. 15 U.S.C. 1692e(5).

21. Section 1692e(10) of the FDCPA generally prohibits false, deceptive, or misleading representations and means of collections. 15 U.S.C. 1692e(10).

22. The Attorney General's Regulations and Banking Commissioner's Regulations ("Regulations") require collectors to furnish a debtor with a written notice within thirty (30) days after the initial communication with that debtor at her place of employment that conspicuously states the debtor's rights with regard to being contacted at work. 940 CMR 7.04(1)(i) and 209 CMR 18.15(i).

23. The Regulations state that it is a deceptive act to knowingly misrepresent the character or status of a debt in any communication with a person. 940 CMR 7.07(2) and 209 CMR 18.18(2).

24. Massachusetts debt collection laws prohibit debt collectors from attempting to collect a debt in an unfair, deceptive or unreasonable manner. M.G.L. c. 93 §§49 and 49(a).

### VI. Violations of the FDCPA

25. By the conduct described above, Daniels has violated the FDCPA. Daniels' violations include, but are not limited to, the following:

   (a) Daniels violated 15 U.S.C. §1692g(a), by failing to provide Ms. Sanchez with a written notice containing all pertinent information about the debt within five days of the initial communication.

   (b) Daniels violated 15 U.S.C. §1692e(2)(A) by continuously attempting to collect a debt from the wrong individual.

   (c) Daniels violated 15 U.S.C. §1692e(5), by threatening to take action against Ms. Sanchez that could not be legally taken.

   (d) Daniels violated 15 U.S.C. §1692e(10) by misrepresenting Ms. Sanchez's alleged debt on an obligation she does not owe.

### VII. Violations of the MDCPA

26. By the conduct described above, Daniels violated the MDCPA. Daniels' violations include, but are not limited to, the violation of M.G.L. c. 93 §§49 and 49(a) by engaging in a continuing pattern of attempting to collect Wilmer Sanchez's debt from Ms. Sanchez.

### VIII. Violations of the Attorney General's Regulations and the Banking Commissioner's Regulations

27. By the conduct described above, Daniels violated the Attorney General's Regulations and the Banking Commissioner's Regulations ("State Regulations"). Daniels' violations include, but are not limited to, the following:

   (a) Daniels violated State Regulations by failing to furnish Ms. Sanchez with a written notice within thirty days after the initial communication with her at her place of employment.

   (b) Daniels violated State Regulations by knowingly misrepresenting the character and status of a debt which was not that of Ms. Sanchez.

   (c) Daniels violated State Regulations by failing to provide Ms. Sanchez with a written disclosure of the information regarding the debt within five days after the initial communication with her.

### IX. Violations of Ch. 93A

28. By the conduct described above, Daniels violated M.G.L. Ch. 93A. Daniels' violations include, but are not limited to, engaging in a regular pattern of unfair and deceptive business conduct with regard to its collection efforts against Ms. Sanchez, in violation of the FDCPA, MDCPA, Attorney General's Regulations, Banking Commissioner's Regulations and c. 93 generally.

### X. Demand for Relief

WHEREFORE, Ms. Sanchez respectfully prays that judgment be entered against Daniels in the amount of:

   (a) actual damages;

(b) statutory damages pursuant to 15 U.S.C. §1692k;

(c) statutory damages pursuant to M.G.L. Ch. 93A;

(d) costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

(e) such other and further relief as may be just and proper.

> Respectfully submitted
> Wilma Sanchez,
> By her attorney
>
> */s/ Shennan Kavanagh/*
> Shennan Kavanagh (BBO #655174)
> Roddy Klein & Ryan
> 727 Atlantic Avenue, 2nd Floor
> Boston, Massachusetts 02111
> p. 617.357.5500 ext. 12
> f. 617.357.5030
> kavanagh@roddykleinryan.com

## DEMAND FOR JURY TRIAL

Ms. Sanchez demands a trial by jury in this action.

*/s/ Shennan Kavanagh/*
Shennan Kavanagh