*EXHIBIT A*

# GRANT & RODDY

### Attorneys at Law

44 School Street, Suite 400
Boston, Massachusetts 02108-4200

Shennan A. Kavanagh

Tel. (617) 248-8700 ext. 21
Fax (617) 248-0720
kavanagh@grantroddy.com

January 28, 2004

*Via Certified Mail*

Richard S. Daniels, Jr.
Daniels Law Offices, P.C.
One Center Plaza
Boston, Massachusetts 02108-1801

Re:    <u>Wilma Sanchez -Demand for Relief Pursuant to Mass. Gen. Laws, c. 93A §9</u>

Dear Mr. Daniels:

This firm represents Wilma Sanchez with respect to the alleged debt she owes to Capital One. This letter is a demand for relief pursuant to Massachusetts General Laws, Chapter 93A, made on Ms. Sanchez's behalf. Ms. Sanchez has suffered damages as a direct result of Daniels Law Office's (hereinafter "you" or "Daniels") unfair and deceptive debt collection practices with respect to this alleged debt.

This conduct violates the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., (FDCPA); the Attorney General's debt collection regulations promulgated pursuant to M.G.L. c. 93A, 940 CMR 7.00 et seq.; Massachusetts debt collection laws, M.G.L. ch. 93 §49; the Banking Commissioner's debt collection regulations, 209 CMR 18.00 et seq.; and other applicable laws, including M.G.L. c. 93A. The following synopsis describes these violations of law and provides you with an opportunity to settle this matter without litigation.

**Facts**

Ms. Sanchez has been contacted at her place of employment four times in the past few months by two people from your office, identifying themselves as Rosa and Andre, regarding a debt she does not owe.

The obligor on the debt is not Ms. Sanchez, rather, it is Wilmer Sanchez, someone with whom Ms. Sanchez has no relation whatsoever, as pointed out by Ms. Sanchez and acknowledged by Rosa in their first phone conversation sometime this summer. Comparing the last four digits of Wilma and Wilmer's social security numbers and the spellings of Wilma and Wilmer's respective first names is all that is necessary to discern this fact. Despite knowing of this circumstance, Rosa called Ms. Sanchez, an unsophisticated consumer, two more times since her initial communication in attempts

to collect the alleged debt. In each phone conversation, Ms. Sanchez reiterated that the debt was not hers and went through the same process of comparing social security numbers and first name spellings. On December 10, 2003, Andre called Ms. Sanchez to attempt to collect the debt. Ms Sanchez again, for the fourth time, reiterated that the debt was not hers, but that it was in fact that of a male unknown to her, Wilmer Sanchez. After this conversation Ms. Sanchez retained our firm.

**Violations of Law**

Your firm committed the following violations of law in attempting to collect the alleged Capital One debt from Ms. Sanchez:

    1. *Failing To Provide A Validation Notice, In Violation Of 15 U.S.C. §1692g(a)*

Ms. Sanchez maintains that you never provided her with a written validation notice. 15 U.S.C. §1692g requires a collection agency to provide the consumer with a written notice containing all pertinent information about the debt within five days of the initial communication. Congress enacted 1692g(a) to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S. Rep. No. 382, 95th Cong., 1st Sess. 4, reprinted in 1997 U.S. Code Cong. & Admin News 1695, 1699. Where the identity of the debtor is incorrect, as here, a collection agency must inform the debtor of the mistake within five days of the initial communication. Beattie v. D.M. Collections, Inc, 754 F. Supp. 391 (1991). According to Ms. Sanchez, you neither provided her with the written validation notice required by §1692g, nor informed her of your mistake. Instead, you have called Ms. Sanchez at her place of employment in continuing attempts to collect a debt which you know she does not owe.

    2. *Misrepresenting The Character Of The Debt, In Violation Of 15 U.S.C. §1692e(2)(A)*

The purpose of subsection 1692e(2)(A) of the FDCPA is to protect consumers from the "false representation of the character, amount, or legal status of the debt." By continuously attempting to collect a debt from the wrong individual, you are intentionally misrepresenting the character and status of the debt, in violation of 15 U.S.C. § 1692e(2)(A). Ms. Sanchez told Rosa in their initial phone conversation that her first name is Wilma, not Wilmer, and provided Rosa with the last four digits of her social security number, which did not match that of Wilmer Sanchez. In subsequent phone conversations, Ms. Sanchez repeated this information, yet your firm continued to contact her to attempt collection. This type of misrepresentation clearly violates the "least sophisticated debtor" standard applied to §1692e violations. Swanson v. Southern Oregon Credit Serv., Inc., 869 F. 2d 1222, 1227 (9thCir. 1988); Jeter v. Credit Bureau, Inc., 760 F. 2d 1168, 1175 (11th Cir. 1985).

*Wilma Sanchez*
*January 28, 2004*
*Page 3 of 4*

3. *Threatening To Take Action Which Cannot Legally Be Taken, In Violation Of 15 U.S.C. §1692e(5)*

As Ms. Sanchez is not liable for the debt of another person with whom she has no legal relationship whatsoever, your attempt to collect on the alleged debt constitutes a threat to take action that cannot be legally taken against Ms. Sanchez.

4. *Making False Representations And Using Deceptive Means To Collect A Debt, In Violation Of 15 U.S.C. §1692e(10)*

Section 1692e generally prohibits false, deceptive, or misleading representations and means of collections. Congress enacted this broad provision as a "catch all" to compensate for its inability to foresee every conceivable abusive debt collection practice. See S. Rep. No. 382 at 4 and FTC Official Staff Commentary §807 at 53 Fed. Reg. 50097-50110 (Dec. 13, 1988), (stating "in addition, section 807(10), which prohibits the 'use of any false representation or deceptive means' by a debt collector, is particularly broad and encompasses virtually every violation, including those not covered by the other subsections."). By misrepresenting Ms. Sanchez's alleged obligation on a debt she does not owe, you are violating 15 U.S.C. §1692(e)(10).

5. *Failing To Provide Notice Of Rights Regarding Communications At Place Of Employment And Other Violations Of The Attorney General's And Banking Commissioner's Regulations*

The Attorney General's Regulations and Banking Commissioner's Regulations (Regulations) require collectors to furnish a debtor with a written notice within thirty days after the initial communication with that debtor at her place of employment. The notice must conspicuously state the debtor's rights with regard to being contacted at work. See, 940 CMR7.04(1)(i) and 209 CMR 18.15(i). Ms. Sanchez maintains that she received no such notice. Furthermore, you have violated the provision of the Regulations that states it is a deceptive act to knowingly misrepresent the character or status of a debt in any communication with a person. See, 940 CMR 7.07(2) and 209 CMR 18.18(2). Your failure to provide Ms. Sanchez with a written disclosure of the information regarding the debt within five days after the initial communication with Ms. Sanchez violates 209 CMR 18.19(1)(a)-(e).

6. *Attempting To Collect A Debt In An Unfair, Deceptive Or Unreasonable Manner, In Violation Of M.G.L. c. 93 §§49 and 49(a)*

You have violated Massachusetts debt collection laws by continuing to attempt to collect Wilmer Sanchez's debt from Ms. Sanchez.

**Demand for Relief**

By the actions described above, you have violated M.G.L. c. 93A in addition to the other violations already cited. See, 940 CMR 3.16 and M.G.L. c. 93 §49. Accordingly, on Ms. Sanchez's behalf I hereby demand that you pay her actual damages in the amount of five thousand ($5,000) dollars; statutory damages of one thousand

*Wilma Sanchez*
*January 28, 2004*
*Page 4 of 4*

dollars for each separate violation of the FDCPA, totaling $5,000; and reimburse her for all legal costs incurred in enforcing her rights under the laws cited in this demand letter.

MGL c. 93A, §9 provides you with the opportunity to make a reasonable written settlement offer within thirty days of your receipt of this letter. Should my client be forced to pursue litigation in this matter, she may recover up to three times her actual damages, plus attorney's fees and costs.

In this regard, I direct your attention to the Supreme Judicial Court's view of the policy behind c. 93A's settlement encouraging directive:

> Indeed, the conduct proscribed by the Statute *is as much the failure to make a reasonable settlement offer* as it is the substantive violation of c. 93A. Multiple damages are the "appropriate punishment" for forcing plaintiffs to litigate clearly valid claims. International Fidelity Ins. Co. v. Wilson, 443, N.E. 2d 1308, 1318 (1983).

I look forward to hearing from you or your attorney so that we may work toward a prompt and equitable settlement of this matter.

Sincerely,

Shennan A. Kavanagh

SK
cc:     Wilma Sanchez

*EXHIBIT B*

## DANIELS LAW OFFICES, P.C.

*Attorneys at Law*
*One Center Plaza*
*Boston, Massachusetts 02108-1801*
*Telephone (617) 227-7300   Facsimile (617) 227-9643*

RICHARD S. DANIELS, JR.
———————
KAREN J. WISNIOWSKI
JOHN P. MURRAY
SAMANTHA MECKLER
MICHAEL SWEDICK
JOSEPH P. CORRIGAN
ERICA SOONG

February 27, 2004

**VIA FIRST CLASS MAIL AND FACSIMILE**

Grant and Roddy
Attorneys at Law
ATTN: Shennan A. Kavanaugh
40 School St.
Boston, MA 02108-4200

RE:  Wilma Sanchez
     Our File Number: 9421-5126
     Reply to 93A Demand

Dear Attorney Kavanaugh:

Thank-you for your demand letter, pursuant to M.G.L. 93A dated January 28, 2004, regarding the above-referenced matter. We received the demand letter on February 3, 2004 and are sending you this reply on behalf of Daniels Law Offices, P.C., hereinafter DLO.

We have reviewed your letter and the allegations contained therein. We find that neither DLO nor Capital One knowingly or intentionally violated any of the consumer protection laws you reference in your letter. We further find that any violation (the existence of which we deny) was the result of bona fide error, which is an absolute defense to any violation alleged in your letter.

Our review of the facts of this case reveals that, due to bona fide error, your client was contacted by telephone and the letters required under the FDCPA were sent to Wilmer Sanchez. Your client did not receive the notices as they were sent to an address that was not hers.

The computer system at DLO is equipped to prevent violations of the FDCPA and G.L. 93A. In this case, human error played a role, and the system was unable to perform as it should.

With reference to your demand for $5,000.00 in actual damages, $5000.00 in statutory damages plus legal costs, as you know the maximum recovery for a violation of the FDCPA is

$1000.00 and the minimum under G.L. 93A is $25.00.   In case we are incorrect in our appraisal of the case, we are pleased to offer the following settlement.   You have enumerated no special damages and have made no general factual allegations of damage to your client.   We are prepared to offer your client $500.00 for violation of the FDCPA, and $25.00 for the alleged violation of G.L. 93A, and other violations of Massachusetts Law doubled to $50.00.   We also offer $500.00 in attorney fees.

        If this is acceptable, please advise and I will arrange for payment.

                        Very truly yours,

                        John Murray

*EXHIBIT C*

## SETTLEMENT AGREEMENT

This **SETTLEMENT AGREEMENT** ("Agreement") is made and entered into as of this _____ day of April, 2004 by and between **DANIELS LAW OFFICES, INC.** ("Daniels") and **WILMA SANCHEZ** ("Ms. Sanchez") who, intending to be legally bound, hereby agree as follows:

1. On January 28, 2004, Ms. Sanchez sent Daniels a M.G.L. 93A Demand Letter alleging claims against Daniels for violations of state and federal debt collection laws.

2. In order to settle and resolve the claims without the need for costly litigation, Daniels and Ms. Sanchez have agreed to settle the claims on the terms set forth herein.

3. In full satisfaction of the claims, Daniels will pay Grant Klein & Roddy the sum of One Thousand, Five Hundred Dollars ($1,500.00). The payment shall be in the form of a check made payable to Grant Klein & Roddy Attorneys' Trust Account, and sent within five (5) days of the execution of this Agreement to Grant Klein & Roddy, 727 Atlantic Avenue, 2nd Floor, Boston, Massachusetts 02111.

4. Upon receipt of the payment, Ms. Sanchez hereby generally and unconditionally remises, releases, discharges and acquits Daniels, and Daniels' predecessors, successors, affiliates, subsidiaries, agents, insurers, employees, members, attorneys, officers, directors and representatives from any and all claims, actions, liabilities, debts and causes of action whatsoever, however incurred.

5. Each party represents and warrants that it understands the terms and consequences of this Agreement and that the parties knowingly and voluntarily entered into this Agreement.

6. This Agreement contains the entire agreement between the parties and may only be amended in writing executed by both parties hereto.

7. This Agreement is being entered into solely for settlement purposes and does not constitute an admission of liability by Daniels with respect to the claims asserted or which could have been asserted, and Daniels denies any and all such alleged liability.

8. The parties represent and warrant that they or their legal representatives have the authority to execute this Agreement and that when executed by the undersigned, the parties will be bound hereunder.

9. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, successors and assigns. This Agreement shall not be assigned by either party without the express written consent of the other party.

10. Each party will pay its own expenses, including fees of their respective attorneys, accountant and consultants in connection with this matter.

11.     This Agreement may be executed by facsimile signature, which shall be deemed an original.

IN WITNESS WEREOF, the parties are executing this Settlement Agreement as of the day and year first above written.

DANIELS LAW OFFICES, INC.

_____
John Murray, Esq.

WILMA SANCHEZ,

By her attorney,

_____
Shennan A. Kavanagh, BBO No. 655174
Grant Klein & Roddy
727 Atlantic Avenue, 2nd Floor
Boston, Massachusetts 02111
p. 617.357.5500
f. 617.357.5030

## RELEASE

In consideration of payment by **DANIELS LAW OFFICES, INC.** of One Thousand, Five Hundred Dollars ($1,500), I, **WILMA SANCHEZ**, hereby remise, release and forever discharge the said **DANIELS LAW OFFICES, INC.**, its officers, directors, shareholders, employees and agents, of and from any and all debts, demands, actions, agreements, damages and any and all claims, demands and liabilities whatsoever of every name and nature, both in law and in equity, which against the said **DANIELS LAW OFFICES, INC.**, its officers, directors, shareholders, employees and agents, or their successors or assigns, I now have or ever had from the beginning of the world to this date and more especially from and against any and all claims or liabilities relating to my allegations of violations of state and federal debt collection laws.

I specifically remise, release and forever discharge the said **DANIELS LAW OFFICES, INC.**, its officers, directors, shareholders, employees and agents, of and from any and all claims set forth in the M.G.L. c. 93A Demand Letter dated January 28, 2004.

Specifically included, without limiting the generality of the foregoing, are all claims for consequential or incidental damages, attorney's fees and expenses or any other rights or remedies which may be available under the provisions of the following chapters of Massachusetts General Laws: Chapter 93A, the Fair Debt Collection Practices Act, and any and all regulations promulgated pursuant to those said statutes.

It is expressly understood and agreed that the acceptance of the above consideration is in full accord and satisfaction of any and all claims which I have against **DANIELS LAW OFFICES, INC.** It is also acknowledged and agreed that **DANIELS LAW OFFICES, INC.'s** actions hereunder are totally voluntary and not as a result of any legal right or entitlement on my part. Finally, it is acknowledged and agreed that the tendering of the above-stated consideration by **DANIELS LAW OFFICES, INC.** is not an admission of liability.

EXECUTED this _____ day of April, 2004.

Wilma Sanchez

Witness:

*EXHIBIT D*

## DANIELS LAW OFFICES, P.C.

*Attorneys at Law*
*One Center Plaza*
*Boston, Massachusetts 02108-1801*
*Telephone (617) 227-7300    Facsimile (617) 227-9643*

RICHARD S. DANIELS, JR.
———
KAREN J. WISNIOWSKI
JOHN P. MURRAY
SAMANTHA R. MECKLER
MICHAEL J. SWEDICK
JOSEPH P. CORRIGAN
ERIKA G. SOONG

| | |
|---|---|
| MONDAY - THURSDAY | 8:00 - 8:30 |
| FRIDAY | 8:00 - 5:00 |
| TOLL FREE | (800) 339-4595 |
| COLLECTION FAX | (617) 454-3434 |
| LITIGATION FAX | (617) 454-3435 |

April 16, 2004

AL 9421-5126, 4862362206646039
Wilmer Sanchez
PERSONAL & CONFIDENTIAL
c/o Shennan A Kavanagh
Grant & Roddy
44 School St, Ste 400
Boston, MA   02108

Dear Sir/Madam:      Re: Capital One Services, Inc.


### NOTICE OF IMPORTANT RIGHTS

You have the right to make a written  or  oral  request that  telephone calls regarding your debt not be made to you at your place of employment.  Any such oral request will  be valid  for  only  ten  (10)  days unless you provide written confirmation of the request postmarked or  delivered  within seven  (7)  days  of  such  request.  You may terminate this request by writing to the creditor.

This notice is required by law and in  no  way  affects any agreement that you may have with this office.

Very truly yours,


Daniels Law Offices, P.C.

This is an attempt to collect a debt and any information obtained will be used for that purpose. We are debt collectors.

*EXHIBIT E*

## GRANT KLEIN & RODDY

Attorneys at Law

727 Atlantic Avenue, 2nd Floor
Boston, Massachusetts 02111

Shennan Kavanagh

Tel. (617) 357-5500, ext 12
Fax (617) 357-5030
kavanagh@grantroddy.com

May 7, 2004

John Murray, Esquire
Daniels Law Offices, P.C.
One Center Plaza
Boston, Massachusetts 02108-1801

Re:     Wilma Sanchez

Dear John:

On April 13, 2004, I sent you a copy of the Settlement Agreement and Release in the above referenced matter. I followed up with a phone call to you on April 30, 2004 and left a message. I have yet to hear back from you. Please contact me if there is an issue with the Agreement or Release so that we may resolve it. Otherwise, please execute the Agreement so that we may promptly settle this matter.

Thank you.

Sincerely,

Shennan Kavanagh

SK

*EXHIBIT F*

GRANT KLEIN & RODDY

Attorneys at Law

727 Atlantic Avenue, 2nd Floor
Boston, Massachusetts 02111

Shennan Kavanagh

Tel. (617) 357-5500 ext. 12
Fax (617) 357-5030
kavanagh@grantkleinroddy.com

May 17, 2004

John Murray, Esquire
Daniels Law Offices, P.C.
One Center Plaza
Boston, Massachusetts 02108-1801

     Re:    Wilma Sanchez Settlement and Release

Dear John:

     Enclosed please find a copy of the signed Settlement Agreement, Release, and
letter I sent to you on April 13, 2004 in the above referenced matter. As these
apparently failed to reach you the first time I sent them, please call me upon receipt so I
know you have them.

                                         Sincerely,

                                         Shennan Kavanagh

SK
Enclosures

```
**********************
***   TX REPORT   ***
**********************

TRANSMISSION OK

TX/RX NO          0563
CONNECTION TEL              16172279643
SUBADDRESS
CONNECTION ID
ST. TIME          05/17 11:59
USAGE T           01'18
PGS. SENT           6
RESULT            OK
```

| | |
|---|---|
| To | John Murray |
| FAX Number | **617 227 9643** |
| Number of Pages | 6 (including cover) |
| From | Shennan Kavanagh |
| Date | May 17, 2004 |
| Message | Re: Wilma Sanchez Settlement and Release |

John:

Attached please find the Settlement and Release in the above referenced. I also dropped them in the mail again to you today.

Shennan Kavanagh

**CONFIDENTIALITY NOTICE**

The documents accompanying this facsimile transmission contain confidential information. If you are not the intended recipient, any disclosure, copying, distribution or other use of the contents of this transmission is prohibited.

IF YOU HAVE RECEIVED THIS FAX IN ERROR PLEASE CALL US IMMEDIATELY

**GRANT KLEIN & RODDY**

727 Atlantic Avenue, 2nd Fl.
Boston, MA 021011

# Facsimile

*EXHIBIT G*

GRANT KLEIN & RODDY

Attorneys at Law

727 Atlantic Avenue, 2nd Floor
Boston, Massachusetts 02111

Shennan Kavanagh

Tel. (617) 357-5500, ext 12
Fax (617) 357-5030
kavanagh@grantkleinroddy.com

June 23, 2004

John Murray, Esquire
Daniels Law Offices, P.C.
One Center Plaza
Boston, Massachusetts 02108-1801

Re:     <u>Wilma Sanchez – Settlement and Release</u>

Dear John:

Please contact me by June 28, 2004 regarding the settlement that we reached after extensive negotiations via telephone on March 29, 2004 in the Wilma Sanchez matter.

On April 13, 2004, I sent you a settlement and release as per our agreement, to which you did not respond. I followed up with you by leaving you a message on April 30, 2004, to which you did not respond. On May 7, 2004, I sent you a letter in another attempt to contact you regarding our agreed upon settlement. You responded by leaving me a message indicating you never received the settlement and release by mail.

I re-sent these documents to you by mail and facsimile on May 17, 2004 with a request that you contact me to ensure receipt. You did not respond to that request. Since then, I have attempted to contact you twice by telephone, on June 1, 2004 and June 15, 2004. I left you messages to which you did not respond.

Your failure to contact me will leave me with no other choice but to discuss with my client the options available to her in seeking enforcement of our agreement or pursuing her legal claims against Daniels Law Offices.

Sincerely,

Shennan Kavanagh

SK
cc:     Richard S. Daniels, Jr., Esquire

*EXHIBIT H*

# RODDY KLEIN & RYAN

### Attorneys at Law

727 Atlantic Ave., 2nd Floor
Boston, Massachusetts 02111

John Roddy

Tel. (617) 357-5500 x 16
Fax (617) 357-5030
roddy@grantkleinroddy.com

June 29, 2004

John Murray
Daniels Law Offices, P.C.
One Center Plaza
Boston, MA 02108-1801

Re:    <u>Wilma Sanchez Settlement</u>

Dear John:

This letter is to follow up on the message I left for you today about your failure to contact my firm regarding the Settlement and Release we sent you in the Wilma Sanchez matter. Our firm has attempted to contact you via phone and letter numerous times in an effort to conclude our agreed upon settlement. Inexplicably, you have failed to respond. As I stated in my message, we would like to know whether you wish to go forward with this settlement.

I hope to hear from you by the end of this week so that we may discuss resolution of this matter. Failing that, you leave my firm no choice but to file a lawsuit.

Sincerely,

John Roddy

JR